IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   CASE NO. 6:07-CR-95 |
| vs. | § |
| | § |
| | § |
| DAJAMUEL DIONE FLOYD (4) | § |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On June 28, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offenses of Possession with Intent to Distribute Cocaine Base (Count 10), a Class B felony, and Use and Carrying of a Firearm During a Drug Trafficking Offense (Count 11), a Class A felony, Dajamuel Dione Floyd ("Defendant") was sentenced on March 31, 2009 by United States District Judge Leonard Davis. These offenses carried statutory maximum imprisonment terms of 40 years and life. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 137 months for Count 10, and 60 months for Count 11. Defendant was sentenced to a total of 170 months of imprisonment, consisting of 110 months on Count 10 and 60 months on Count 11, to be served consecutively, followed by a 4-year term of supervised release on each count to run concurrently. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse treatment and testing.

1

The Court reduced Defendant's sentence as to Count 10 to 92 months on October 25, 2012, pursuant to 18 U.S.C. § 3582(c)(2). The Court further reduced Defendant's sentence as to Count 10 to 77 months on June 22, 2015, pursuant to 18 U.S.C. § 3582(c)(2). Defendant completed his term of imprisonment and started his term of supervised release on August 10, 2018. The case was reassigned to United States District Judge Jeremy Kernodle on March 18, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 17, 2019, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 6): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** It is alleged that on June 13, 2019, the U.S. Probation Office verified that Defendant was terminated from his employment on May 6, 2019, but he never reported the termination to the U.S. Probation Officer.

2. **Allegation 2 (standard condition 2)**: **The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.** It is alleged that Defendant failed to report to the Tyler Supervision Office as instructed on June 7, 2019.

3. **Allegation 3 (standard condition 5): The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.** It is alleged that Defendant failed to work regularly at a lawful occupation since May 6, 2019.

4. **Allegation 4 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant tested positive for marijuana on March 20, 2019; April 11 and 16, 2019; May 14 and 17, 2019; and June 10, 2019.

5. **Allegation 5 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer**. It is alleged that Defendant failed to submit to a

drug at the contract vendor on May 30, 2019 and June 3, 2019, and failed to participate in the random drug testing program.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class B and Class A felonies. Accordingly, the maximum imprisonment sentences that may be imposed are 3 years and 5 years of imprisonment, respectively. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

*Hearing*

On June 28, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 14 months of imprisonment, with no further supervised release. After the Court

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana or Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 14 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 14 months of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana or Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights

and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 14 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 28th day of June, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE